IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Denise Lawson, | ) | C/A NO.: 2:25-cv-01726-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| Patricia Ann Williams and GE Healthcare, Inc., | ) | **(Jury Trial Demanded)** |
| | ) | |
| Defendants. | ) | |

Plaintiff Denise Lawson ("Lawson"), complaining of Defendants Patricia Ann Williams ("Williams") and GE Healthcare, Inc. ("GE Healthcare"), respectfully shows unto the Court as follows:

### THE PARTIES

1. Plaintiff Lawson is a citizen and resident of Ladson, South Carolina.

2. Defendant Williams is a citizen and resident of Grovetown, Georgia.

3. Upon information and belief, Defendant GE Healthcare owned the vehicle that Defendant Williams was driving and is a Delaware corporation, which owns property and/or conducts business in Norcross, Georgia.

### JURISDICTION AND VENUE

4. Jurisdiction is proper in the United States District Court based on 28 U.S.C. §1332(a), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in the United States District Court for the District of South Carolina, Columbia Division, pursuant to 28 U.S.C. §1391(b) and Local Civil Rule 3.01, as a

substantial part of the events, acts, and omissions giving rise to this claim occurred in this Division, and Plaintiff is located in this Division.

## FACTS

6. On May 17, 2022, Plaintiff was proceeding East on US 78, North Charleston, South Carolina.

7. At the same time, Williams was also proceeding East on US 78 directly beside and to the right of Plaintiff. Upon information and belief, Williams was driving GE Healthcare's vehicle with express permission and for pay.

8. Defendant Williams illegally attempted to merge into Plaintiff's lane of travel and crashed into the side of Plaintiff's vehicle.

9. Upon impact, Plaintiff jolted forward, and to the side, colliding with the front of her vehicle, which caused significant injuries and led to multiple surgeries.

10. Plaintiff's car was totaled as a result of this accident.

11. Plaintiff has had to quit her evening job because of this accident.

12. There is no dispute that the Plaintiff's injuries, pain, and trauma were caused by this incident.

13. Plaintiff has continued to suffer severe pain as a result of this accident.

## FOR A FIRST CAUSE OF ACTION
### Negligence

14. Each and every allegation set forth in Paragraphs 1-11 hereinabove is incorporated as if fully set forth herein verbatim.

15. At the time this accident occurred, Defendant Williams failed to keep a proper lookout, was travelling too fast for conditions, was not paying attention, and improperly attempted to merge into Plaintiff's lane of travel.

16. Defendant Williams owed a duty of care to Plaintiff, and she breached that duty through the following:

    a. Failing to use the utmost precaution while driving;

    b. Failing to keep a proper lookout, keep the vehicle under proper control, and exercise the degree of care which a reasonable prudent person would have exercised under similar conditions;

    c. Failing to yield;

    d. Improperly entering Plaintiff's lane of travel; and

    e. Failing to adhere to South Carolina law.

17. Defendant GE Healthcare owed a duty of care to Plaintiff and breached that duty through the following:

    a. Negligently hiring Williams;

    b. Negligently entrusting Williams with a vehicle without the proper training and/or oversight; and

    c. Improper supervision of Williams.

18. The lack of even slight care toward Plaintiff created liability for gross negligence, recklessness, and wantonness on the part of Defendants, as set forth in *Trivelas v. South Carolina Dep't of Transp.,* 348 S.C. 125, 558 S.E. 2d 271, 275 (2001).

19. Additionally, Defendants' failure to adhere to the South Carolina traffic safety statute amounts to negligence per se.

20. Defendants' conduct was the direct proximate cause of the traffic accident and Plaintiff's injuries and damages.

21. As a result of these injuries, Plaintiff has incurred medical expenses, as well as pain and suffering.

22.     Plaintiff is entitled to, and prays for, an award of damages against Defendants, both actual and punitive, and in an amount deemed sufficient to compensate her fully for all losses, damages, past, present, and future, as well as punitive damages in an amount deemed sufficient to impress upon Defendants the seriousness of their conduct and to deter such similar conduct in the future.

WHEREFORE, having complained of Defendants, Plaintiff requests that the Court enter judgment against Defendants in Plaintiff's favor on all causes of action and grant her such actual and punitive damages as she may be entitled and/or determined by the trier of fact, against Defendants, plus all other damages allowed by law and such other and further relief as the Court deems just and proper.

**McCULLOUGH KHAN, LLC**

s/Clayton B. McCullough
Clayton B. McCullough, Esq. (Fed. Bar #7120)
2036 eWall Street
Mount Pleasant, SC 29464
(843) 937-0400
(843) 937-0706 (fax)
clay@mklawsc.com

**Counsel for Plaintiff**

March 13, 2025
Mount Pleasant, South Carolina